# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

RIMOWA DISTRIBUTION, INC.,

      Plaintiff,

v.

ZENESSE LLC,

      Defendant.

Civil Action No. 2:16-cv-00104-WCO

## COMPLAINT

Plaintiff RIMOWA DISTRIBUTION, INC. (hereinafter referred to as "RIMOWA" or the "Plaintiff"), by and through its attorneys, files this Complaint against Defendant Zenesse LLC (hereinafter referred to as "ZENESSE" or the "Defendant"), and alleges as follows:

### INTRODUCTION

1.    This is an action in law and equity for trademark infringement, false designation of origin, counterfeiting, and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and state law claims of trademark dilution, injury to business reputation, deceptive trade practices, false advertising, violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-

370, *et seq.*, unfair competition in violation of common law, and violation of Georgia's unfair competition statute, O.C.G.A. § 23-2-55 and state common law.

2.     As is set forth below, RIMOWA, which manufactures and distributes luggage, traveling cases and suitcases, trunks, briefcases and related products, is the owner of several federal trademark registrations for its distinctive pattern of ridges and grooves (the "Marks") that run across and around the surface all of its luggage products.  ZENESSE, a direct competitor of RIMOWA, recently adopted and began using a mark and/or design on its FLORENCE line of luggage products that is almost identical to the Marks.  Upon information and belief, ZENESSE is promoting, marketing, offering for sale and selling these luggage products in an effort to mislead and confuse prospective purchasers and to falsely designate the source of origin of their products. Upon information and belief, ZENESSE's actions are part of a deliberate attempt to divert sales away from RIMOWA. These actions will continue unless enjoined by this Court.

## PARTIES

3.     Plaintiff, RIMOWA DISTRIBUTION, INC.  (hereinafter referred to as "RIMOWA" or the "Plaintiff"), is a Delaware corporation with its principal place of business in Dallas, Texas.  At all relevant times, RIMOWA has been in

the business of manufacturing and distributing luggage, traveling cases and suitcases, trunks, and briefcases and related goods. RIMOWA advertises, promotes, sells and distributes its products in interstate and international commerce, specifically including in the State of Georgia. RIMOWA has been in business since 1898.

4.      Upon information and belief, ZENESSE (hereinafter referred to as "ZENESSE" or the "Defendant") is a Georgia corporation with a principal place of business in Suwanee, Georgia. ZENESSE can be served through its registered agent for service of process, Yang Song, at 550 Nichols View Way, Suwanee, Forsyth County, GA 30024. Upon information and belief, ZENESSE has at all relevant times been in the business of manufacturing and distributing luggage, traveling cases and suitcases, trunks, and briefcases. Upon information and belief, ZENESSE advertises, promotes, sells, and distributes luggage, traveling cases and suitcases, trunks, and briefcases products in interstate commerce in the United States and international commerce between the United States and China, specifically including in the State of Georgia. ZENESSE has committed acts of infringement and unfair competition in this District, and is causing injury to RIMOWA in this District.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121 because RIMOWA asserts claims arising under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*

6.     This Court also has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1338(b) because RIMOWA's claims for Georgia statutory unfair competition, common law trademark and trade dress infringement, and common law unfair competition are claims under the law of the State of Georgia and are joined with a substantial and related claim under the trademark laws of the United States.

7.     This Court has supplemental jurisdiction over the state law and common law claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the other claims in this case over which the Court has original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) and 1400(a) because a substantial part of the acts of infringement and unfair competition which give rise to RIMOWA's claims occurred in this district and victims of the infringing activities may be found in this District.

9.      Personal jurisdiction is this District is proper in that, on information and belief, ZENESSE transacts business in the State of Georgia, contracts to provide services or things in the State of Georgia, regularly does or solicits business in the State of Georgia, and derives substantial revenue from goods used or consumed in the State of Georgia.

## FACTS COMMON TO THE COUNTS

### The Mark

10.     Since at least 1950, prior to the acts of Defendant complained of herein, RIMOWA'S parent, Rimowa GmbH, has been using distinctive markings in connection with the manufacture, advertising, and sale of its luggage products, which such design is easily recognizable and distinguishable from other luggage products.

11.     More specifically, Rimowa GmbH has used a distinctive pattern of

ridges and grooves on its products since at least 1950 and since at least 1985 in the United States, specifically including the following:

a.     mutually parallel ridges extending from an outer surface of a suitcase in a three-dimensional manner;

b.     a plurality of flat planar surfaces or grooves extending in a strip shape between the ridges;

c.     the outer surface of the suitcase is formed by the plurality of flat planar surfaces or grooves from which the ribs extend; and

d.     the three-dimensionally extending ribs are uniformly distributed across the outer surface.

12.     Rimowa GmbH manufactures and sells several lines of luggage products. These product lines are designated as TOPAS, TOPAS TITANIUM, SALSA, SALSA DELUXE, SALSA AIR, BOLERO, PILOT, ATTACHE, LIMBO, SILVER INTEGRAL, CLASSIC FLIGHT, and BOSSA NOVA. Attached hereto at **Exhibit "A"** are product sheets showing the foregoing Rimowa luggage lines.

13.     At all relevant times, RIMOWA has had the right to use, distribute and sell in the United States Rimowa GmbH products bearing the family of

Rimowa GmbH trademarks and has been a licensee of the federal trademark registrations owned by Rimowa GmbH for the distinctive pattern of ridges and grooves that run across and around RIMOWA's luggage products

14.     RIMOWA's products also comprise or constitute a distinctive trade dress consisting of the overall appearance of its luggage, the most distinctive element of which is a series of ridges and grooves that appear on the luggage and also including the placement and appearance of rollers and roller housings, handles and trolley bars, locks, and corner protectors or outlined corner protectors.

15.     RIMOWA is the sole licensee in the United States of the Federal trademark registrations owned by Rimowa GmbH for the distinctive pattern of ridges and grooves that run across and around RIMOWA's luggage products.

16.     More specifically, RIMOWA is the licensee of United States Patent and Trademark Office registration number 4,548,851, registered June 10, 2014, for *inter alia* "Travel luggage; Luggage, namely, trunks and Suitcases; Trunks; Cosmetic cases sold empty; Attaché cases; Suitcases; General purpose sport trolley bags; Pilot bags, namely, travel bags, all the aforesaid goods being entirely or partly of metal or plastics or fabric material or a combination of the aforesaid materials; pouches of textile; Book bags; handbags; rucksacks of textile material;

holdalls; toiletry bags sold empty; purses, travel cases; traveling sets, namely, leather toiletry bags sold empty" in international class 18. In this registration, the mark is described as "a three-dimensional design feature of the goods consisting of parallel ridges and grooves that uniformly cover the surface of the goods." This registration asserts a date of first use of 1950 and a date of first use in commerce of 1985.

17.     RIMOWA is also the licensee of United States Patent and Trademark Office registration number 4,586,888 registered August 19, 2014 for "traveling suitcases, valises, traveling bags, trolley suitcases, travel baggage" in international class 18.  In this registration the mark is described as consisting of "a 3D pattern of strait ridges and grooves that appear uniformly over the surface of the applicant's goods. The mark consists of a three dimensional configuration of the goods." This registration asserts a date of first use of 1950 and a date of first use in commerce of 1985.

18.     RIMOWA is also the licensee of United States Patent and Trademark Office registration number 3,949,886, registered on April 26, 2011 on the Principal Register, for a mark described as consisting of the horizontal bands that run across and around RIMOWA's luggage products for carrying cases for

photographic equipment in international class 9 and for luggage, traveling cases and suitcases, trunks and briefcases in international class 18 (This registration is referred to herein as the "Principal Registration").  This registration asserts a date of first use of 1950 and a date of first use in commerce of 1985.

19.     RIMOWA is also the licensee of United States Patent and Trademark Office registration number 2,583,912, registered on June 18, 2002 on the Supplemental Register, for the mark consisting of the horizontal bands that run across and around RIMOWA's luggage products for carrying cases for photographic equipment in international class 9 and for luggage, traveling cases and suitcases, trunks and briefcases in international class 18 (This registration is referred to herein as the "Supplemental Registration"). (These registrations and the trademarks and trade dress described above, and each of them, are referred to jointly herein as the "Marks").  This registration asserts a date of first use of 1950 and a date of first use in commerce of 1985.

20.     A copy of the registration certificates for the Marks are attached hereto as **Exhibit "B"** and incorporated herein.

21.     The Registration 3,949,886 has also been registered with the U.S. Customs and Border Protection Agency.

22. RIMOWA has continuously used without interruption and continues to use the Marks in connection with all goods and services reflected in the respective registrations, in the United States.

23. RIMOWA uses the Marks on all of the luggage products that it advertises, promotes, sells and distributes.

24. The product features that make up the Marks, specifically including the distinctive pattern of ridges and grooves, are non-functional and non-essential to the use or purpose of the luggage products.

25. RIMOWA has established considerable reputation and goodwill in the Marks in the United States and elsewhere.

26. RIMOWA has made a substantial investment in the promotion and protection of the Marks and considers the Marks among its most important and valuable assets.

27. RIMOWA has expended considerable time and money in promoting products with such design in its advertising and promotions so that the public associates such design with RIMOWA and its reputation for workmanship, quality, and durability.

28.     RIMOWA has advertised, promoted, marketed, and sold its products containing the Marks throughout the United States via the internet and by other means of marketing, including:

a.     Rimowa.com;

b.     Authorized resellers (internet and retail locations);

c.     Advertisements in printed media, specifically including but not limited to travel publications;

d.     Advertising brochures;

e.     Participation at trade shows;

f.     Trade publications;

g.     Product placement in movies and television; and

h.     Public figure placements.

29.     The distinctive pattern of ridges and grooves has acquired secondary meaning in that it is unique and distinctive and has come to be associated by the trade and consuming public exclusively with RIMOWA.

30.     The distinctive pattern of ridges and grooves has come to signify RIMOWA as the source of luggage having the same or similar characteristics.

31.     RIMOWA's Marks are inherently distinctive to the public, and serve as a designator of origin of products emanating from or sponsored or licensed by RIMOWA.

32.     As a result of the widespread use and display of the Marks and trade dress, (a) the public and the trade use them to identify and refer to RIMOWA, (b) the public and the trade recognize that such designations refer to a high quality product emanating from a single source, and (c) said trademark and related trade dress have built up secondary meaning and extensive goodwill.

33.     The Marks and trade dress are famous and represent valuable goodwill owned by RIMOWA.

<u>**Infringement and Unfair Competition**</u>

34.     Upon information and belief, in or about the spring of 2016, notwithstanding RIMOWA's prior rights in the Marks, ZENESSE adopted a virtually identical mark and began manufacturing luggage nearly identical to Rimowa's luggage products.

35.     ZENESSE is a limited liability corporation formed and located in the State of Georgia.

36.     ZENESSE operates a website [www.zenessegear.com](http://www.zenessegear.com). On the ZENESSE website, ZENESSE offers a single product for sale, namely the "Florence" line of cases in various sizes and colors.

37.     On its website ZENESSE states that "Our Florence series is exclusively designed for the China market with a Chinese design patent, and is sold only in China."  However, the site reflects no Chinese address or contact information, no Chinese corporation, and the entire site appears in the English language.

38.     ZENESEE's statement that its products are sold only in China is false.  ZENESSE had a booth at the annual Travel Goods Show held from March 8 – 10, 2016 at the Las Vegas Convention Center in Las Vegas, Nevada where its Florence line of product was available to the public.

39.     ZENESSE is manufacturing, advertising, and/or selling, and has sold in international commerce between the United States and China and in interstate commerce in the United States, either directly to the public or through distributors, luggage products containing a mark and/or design bearing a shape, style, and overall appearance which is the same or confusingly similar to the shape, style and overall appearance of the Marks.

40.     More specifically, ZENESSE has adopted and begun using a mark and/or design on its Florence line of luggage products that is almost identical to the Marks, including:

a.      mutually parallel ridges extending from or grooves sunk into an outer surface of a suitcase in a three-dimensional manner;

b.      a plurality of flat planar surfaces or grooves extending in strip shape between the ridges;

c.      the outer surface of the suitcase forms the planar surface from which the ridges and/or grooves extend inward or outward; and

d.      the three-dimensionally extending ridges and sunk-in grooves are substantially uniformly distributed across the outer surface.

41.     The only differences between the marks is that the ridges used on the ZENESSE luggage are slightly wider than the ridges as found on RIMOWA's.

42.     Upon information and belief, ZENESSE is advertising, promoting, marketing, and selling such luggage via the internet and by other means of marketing substantially similar to the means used by RIMOWA.

43.     Upon information and belief, RIMOWA's products and ZENESSE's products are sold in the same channels of trade in this District and elsewhere.

44.     Since both trademarks and the goods/services upon which the marks appear are almost identical, there is a strong likelihood that consumers will be confused.

45.     ZENESSE is not an authorized user of the Marks.

46.     ZENESSE has improperly and illegally adopted the use of the mark for the sale of luggage products in the United States, specifically including the State of Georgia.

47.     Upon information and belief, ZENESSE had knowledge of the Marks and of RIMOWA's commercial success selling products containing the Marks.

48.     Upon information and belief, ZENESSE willfully, knowingly, deliberately, fraudulently, and with conscious disregard of RIMOWA's rights in the Marks and trade dress, manufactured, advertised, and/or offered for sale and sold luggage products imitating the Marks.

49.     ZENESSE's actions as alleged are intended to, and are likely to cause confusion, mistake or deception as to the source of origin of ZENESSE's goods and services in that the public, the trade and others are likely to believe ZENESSE's goods and services are the same as RIMOWA's goods and/or

services, or are authorized, sponsored or approved by RIMOWA, or are otherwise affiliated or connected with RIMOWA and/or its valuable trademarks and trade dress.

50.     ZENESSE's actions, as alleged, have caused, and will continue to cause, irreparable harm to RIMOWA and its valuable trademarks and trade dress, and to the business and substantial goodwill represented thereby, and said acts and damage will continue unless restrained by this Court.

### COUNT ONE
### TRADEMARK INFRINGEMENT AND
### FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

51.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 50 as though fully set forth herein.

52.     ZENESSE's acts as alleged constitute trademark infringement, false designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and of RIMOWA's business reputation and goodwill.

53.     In view of the association by the public of the Marks with RIMOWA and its products, ZENESSE's use of nearly identical pattern of ridges and grooves

for identical products is causing and is likely to cause confusion, mistake, and deception of the relevant public as to whether ZENESSE's products and services emanate from, or are sponsored or approved by, RIMOWA.

54. The conduct of ZENESSE complained of herein constitutes trademark infringement, all of which has damaged and will continue to damage irreparably RIMOWA's valuable goodwill unless enjoined by this Court.

55. As result of ZENESSE's conduct, RIMOWA has suffered and will continue to suffer monetary damages in an amount not yet determined.


## COUNT TWO
## TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT

56. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 55 as though fully set forth herein.

57. ZENESSE's unauthorized use of a trade dress on its products is confusingly similar to the trade dress used by RIMOWA on its products and constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, to the substantial and irreparable injury of the public and of RIMOWA's business reputation and goodwill.

58.     Upon information and belief, by such wrongful acts, ZENESSE has and unless restrained by the Court, will continue to cause serious irreparable injury and damage to RIMOWA and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

59.     As result of ZENESSE's conduct, RIMOWA has suffered and will continue to suffer monetary damages in an amount not yet determined.

## COUNT THREE
## COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT

60.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 59 as though fully set forth herein.

61.     RIMOWA owns and enjoys common law trademark rights in the overall commercial impression and presentation of its product design and trade dress.

62.     RIMOWA's product design and trade dress rights are superior to any rights that ZENESSE may claim in said product design and/or trade dress with respect to ZENESSE products.

63.     In view of the association by the public of the Mark with RIMOWA and its products, ZENESSE's use of nearly identical pattern of ridges and grooves

for closely related products is causing and is likely to cause confusion, mistake, and deception of the relevant public as to whether ZENESSE's products and services emanate from, or are sponsored or approved by, RIMOWA.

64. The conduct of ZENESSE complained of herein constitutes common law trademark and trade dress infringement, all of which has damaged and will continue to damage irreparably RIMOWA's valuable goodwill unless enjoined by this Court.

65. As result of ZENESSE's conduct, RIMOWA has suffered and will continue to suffer monetary damages in an amount not yet determined.

## COUNT FOUR
## DILUTION OF TRADEMARKS UNDER 15 U.S.C. § 1125(C)

66. RIMOWA repeats and re-alleges each and every allegation of paragraphs 1 through 65 as though fully set forth herein.

67. Through ZENESSE's unauthorized use of the Marks and trade dress in connection with the infringing products, ZENESSE has intended to cause, has caused, and are likely to continue to cause dilution of the distinctive quality of the Marks and trade dress in violation of 15 U.S.C. § 1125(c).

68.     ZENESSE's conduct is intended to trade upon RIMOWA's reputation and is likely to tarnish or injure RIMOWA's business reputation.

69.     Unless enjoined by the Court, ZENESSE's use of the foregoing Marks and trade dress will continue to cause irreparable and continuing harm to RIMOWA in the diminution of their value and goodwill, and in their impairment to serve as designations of source, for which RIMOWA has no adequate legal remedy.

70.     As a direct and proximate result of ZENESSE's wrongful conduct, RIMOWA has been and will continue to be damaged by, without limitation, a diminution in the value of the Marks and trade dress, and in their reputation and goodwill.

**COUNT FIVE**
**COUNTERFEITING**

71.     RIMOWA repeats and re-alleges each and every allegation of paragraphs 1 through 70 as though fully set forth herein.

72.     ZENESSE's unauthorized use of the Marks constitutes counterfeiting under 15 U.S.C. § 1116 (d) (1)(B)(i) and/or (ii) because ZENESSE's markings are identical to, or substantially indistinguishable from RIMOWA's Marks.

**COUNT SIX**
**VIOLATION OF GEORGIA'S**
**UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**O.C.G.A. § 10-1-370 *et seq.***

73.     RIMOWA repeats and re-alleges each and every allegation of paragraphs 1 through 72 as though fully set forth herein.

74.     ZENESSE has engaged in deceptive trade practices within the meaning of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*("UDTPA"), by engaging in some or all of the following:

(a)     by passing off its merchandise and products as those of the Plaintiff;

(b)      by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of the its goods and merchandise;

(c)     by causing a likelihood of confusion and misunderstanding as to the affiliation, connection or association with or certification by the Plaintiff;

(d)     by representing that its merchandise and products have the sponsorship, approval, characteristics that they do not have by using the Marks in connection with ZENESSE's merchandise and products;

(e)     by representing that ZENESSE has sponsorship, approval, status, affiliation, connection of or with the Plaintiff that they do not have;

(f)     by representing that ZENESSE'S products and merchandise are of a particular standard, quality or grade, or that the merchandise and products are of a particular style and model, when they are actually of another; and

(g)     by disparaging the products and business reputation of Plaintiff by false and misleading representation of fact by using Plaintiff's Marks and/or the confusingly similar marks on ZENESSE'S merchandise and products.

75.     ZENESSE has willfully engaged in these trade practices knowing them to be deceptive.

76.     Due to ZENESSE's willful violation of Georgia's UDTPA, RIMOWA is entitled to relief including an award of injunctive relief, attorneys' fees, and costs.

## COUNT SEVEN
## UNFAIR COMPETITION UNDER O.C.G.A. § 23-2-55
## AND THE COMMON LAW OF GEORGIA

77.     RIMOWA repeats and re-alleges each and every allegation of paragraphs 1 through 89 as though fully set forth herein.

78.     The acts of ZENESSE complained of herein constitute unfair competition in violation of O.C.G.A. § 23-2-55 and the common law of Georgia.

79.     The acts of ZENESSE complained of herein show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of those actions, and thus form a basis for punitive damages under O.C.G.A. § 51-12-5.1(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order of the Court:

A.     Granting a preliminary and permanent injunction restraining ZENESSE, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from:

       i)     making, using, offering for sale, selling or distributing any products that bear the same shape, style and overall appearance or any confusingly similar variations thereof as the Mark; and

       ii)    unfairly competing with RIMOWA in any manner.

B.     Directing ZENESSE to use its best efforts to recall from the trade and other third parties any and all infringing goods and to cease any marketing, advertising and promotional materials using products that bear the same shape, style and overall appearance or any confusingly similar variations thereof as the Mark;

C.     Directing ZENESSE to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which ZENESSE has complied with the injunction;

D.     Directing ZENESSE to deliver up to RIMOWA for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing goods and any promotional, marketing, advertising, and promotional materials used in connection with the sale or marketing of any goods or services, now or hereafter in its possession, custody or control;

E.      Directing ZENESSE to account to RIMOWA for any and all profits derived by ZENESSE from the sale of goods or services bearing the infringing trademark and trade dress;

F.      Awarding Plaintiff a monetary judgment against ZENESSE for Plaintiff's damages and ZENESSE's profits pursuant to 15 U.S.C. § 1117;

G.      Trebling the amount of such award on account of ZENESSE's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

H.      Awarding Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of ZENESSE's intentional and willful infringement, pursuant to 15 U.S.C. § 1117, and the Georgia's Uniform Deceptive Trade Practices Act; and

I.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted this 20th day of May, 2016.

s/ Kevin A. Maxim
Georgia Bar No. 478580
Attorney for Plaintiff
Rimowa Distribution, Inc.

THE MAXIM LAW FIRM, P.C.

- 25 -

1718 Peachtree St., NW
Suite 599
Atlanta, Georgia  30309
Phone: (404) 924-4272
Fax:     (404) 924-4273
E-mail: *kmaxim@maximlawfirm.com*

Of Counsel:

William E. O'Brien, Esq.
LAW OFFICES OF
WILLIAM E. O'BRIEN, LLC
2 Connector Road, Suite 200
Westborough, MA 01581
PHONE: (781) 956-5363
E-mail: *william@masstechlawyer.com*

## CERTIFICATION

Pursuant to N.D. Ga. L.R. 7.1(D), counsel for Plaintiff hereby certifies that

this document has been prepared with Times New Roman (14 point) font, which

font has been approved under L.R. 5.1(C).

s/ Kevin A. Maxim
Georgia Bar No. 478580
Attorney for Plaintiff
Rimowa Distribution, Inc.

THE MAXIM LAW FIRM, P.C.
1718 Peachtree St., NW
Suite 599
Atlanta, Georgia  30309
Phone: (404) 924-4272
Fax:     (404) 924-4273
E-mail: *kmaxim@maximlawfirm.com*